Filed 4/1/22  P. v. Rubio CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

JUAN ENRIQUE RUBIO,

    Defendant and Appellant.

E076050

(Super. Ct. No. FWV17002520)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed with directions.

Jennifer A. Gambale, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriguez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Joy Utomi and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

# INTRODUCTION

This is defendant and appellants Juan Enrique Rubio's second appeal in this case. After this case was remanded following defendant's first appeal (*People v. Rubio* (Sept. 19, 2019, E071145) [nonpub. opn.] (*Rubio*)), the trial court resentenced defendant to 26 years in prison for the convictions of continuous sexual abuse of a child under 14 years of age on or about March 1, 2003 through July 1, 2003 (Pen. Code, § 288.5, subd. (a)[1]; count 1); sexual penetration with a child under the age of 18 years on or about July 2, 2003 through March 1, 2004 (§ 289, subd. (h); count 2); oral copulation with a child under the age of 18 years on or about July 2, 2003 through March 1, 2004 (§ 288a, subd. (b)(1), renumbered § 287, subd. (b)(1); counts 3 & 4); and commission of a lewd act upon a child under 14 years of age on or about July 2, 2003 through March 1, 2004 (§ 288, subd. (a); count 5).

Defendant contends the trial court erred during resentencing by imposing a full consecutive sentence on count 5 under section 667.6, subdivision (e) because section 667.6, subdivision (e) did not go into effect until 2006, after the charged offenses. Defendant argues that, therefore, his full-term, consecutive sentence on count 5 violated ex post facto principles and must be reversed. Defendant also contends that Senate Bill No. 567 (2021-2022 Reg. Sess.) (hereinafter "S.B. 567") requires that his sentence must be vacated and this case remanded for resentencing.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

We conclude that the trial court had authority to sentence defendant to a full sentence on count 5, as the base term, and also impose a separate, full term on count 1, consecutive to the determinate sentence, under the version of section 667.6, subdivision (c), in effect at the time of the charged crimes. Therefore, any error in sentencing defendant under subdivision (e), rather than subdivision (c) of section 667.6, was harmless error because the sentence would be the same length under subdivision (c) as the sentence imposed. The court stated it intended to impose the maximum sentence, which is what it did. It is not reasonably probable that the court would have imposed a different sentence had it correctly specified it was relying on subdivision (c) of section 667.6.

However, we agree that under S.B. 567, defendants' sentence must be vacated and, upon remand, the trial court must resentence defendant in accordance with section 1170, subdivision (b), as amended by S.B. 567. The judgment of conviction is affirmed but defendant's sentence is vacated, with the case remanded for resentencing in accordance with S.B. 567.

## II.

## PROCEDURAL BACKGROUND[2]

The court sentenced defendant in this case in 2018 to a total determinate term of 18 years on counts 1 and 2, consecutive to an indeterminate term 45 years to life,

---

[2] Because this second appeal solely concerns a sentencing issue, which does not turn on the facts of the charged crimes, the underlying facts of the child abuse crimes are not summarized in this opinion.

3

consisting of three consecutive terms of 15 years to life on counts 2, 3, and 4.  Defendant appealed the 2018 judgment, arguing in his first appeal that his section 288.7 convictions for sexual penetration with a child (count 2) and oral copulation with a child (counts 3 & 4) under section 288.7, subdivision (b) violated ex post facto principles because the offenses occurred before the statute was enacted in 2006.  (*Rubio*, *supra*, E071145.)  On September 19, 2019, this court issued an opinion agreeing and therefore modifying counts 2 through 4 to the lesser included offenses of sexual penetration in violation of section 289 (count 2) and oral copulation in violation of section 288a, subdivision (b)(1), renumbered section 287, subdivision (b)(1) (counts 3 & 4).  (*Rubio*, *supra*, E071145)

After remand of the case, the trial court resentenced defendant on November 3, 2020, to a determinative term of 26 years in prison, consisting of the upper term of 16 years for count 1; a full consecutive upper term of 8 years for count 5; plus eight months (one-third of the two-year middle term) for each of counts 2, 3, and 4.

During resentencing, the sentencing judge noted he was the trial judge and had "a fairly good memory of the trial."  He reviewed the probation report again and recalculated defendant's sentence based on the remittitur.  The prosecutor requested the maximum sentence of 26 years, consisting of 16 years on count 1; a full consecutive term of 8 years on count 5; and a total of two consecutive years for counts 2, 3, and 4 (8 months for each count).

The court noted that count 1 was the principal term, because it was the longest. The court asked counsel if it had the discretion to impose a full, consecutive term on

4

count 5. The prosecutor stated that the court could do so, adding she thought the applicable statute was section 667.6, subdivision (e), which listed section 288.5 (count 1) as one of the charges in which the court can impose a full consecutive sentence. Defense counsel did not disagree but requested the court to impose the terms concurrently and not impose the maximum sentence. Defense counsel noted defendant's mitigating factors of not having a criminal record and having a "99R evaluation" showing he is a very low risk of recidivism.

The court stated that defendant should get the maximum sentence. The court explained: "The victim was young at the time this crime started, below ten. This was serious conduct. It happened often. Jane Doe was terrified with what was happening to her. She was told that if she reported what happened, no one would believe her. There was intimidation used. There was the use of rewards to get her to do what Mr. Rubio wanted her to do; money for snacks was one particular example that we heard about in the trial. The abuse happened over a lengthy period of time. And Jane Doe suffered lasting trauma as result of what happened to her at the hands of Mr. Rubio."

The court further stated that it believed "it's appropriate, given the Court of Appeal's decision to, as I said, sentence Mr. Rubio to the maximum amount of time allowed, given the Court of Appeal's remittitur, for the reasons that I've stated." The court acknowledged it had considered defendant's mitigating factors but nevertheless concluded that, "given the seriousness of the crime and the factors that I mentioned, I

5

believe they outweigh any mitigating factors." The court then sentenced defendant to the maximum sentence of 26 years in prison.

Defendant filed his second notice of appeal from the modified sentence and judgment entered on November 3, 2020.

III.

DISCUSSION

Defendant contends that his sentence to a full, consecutive term on count 5, under section 667.6, subdivision (e), violated ex post facto principles and must be reversed, because subdivision (e) did not go into effect until after he committed the charged crimes.

The federal and California constitutions forbid the passage of ex post facto laws and application of laws ex post facto. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 294-297.) Both constitutions prohibit """"any statute [1] which punishes as a crime an act previously committed, which was innocent when done; [2] which makes more burdensome the punishment for a crime, after its commission, or [3] which deprives one charged with crime of any defense available according to law at the time when the act was committed. [Citations.]"""" (*Tapia v. Superior Court*, *supra*, at p. 294.)

Because subdivision (e) of section 667.6 did not exist when defendant committed the charged crimes, it was improper under of ex post facto principles to sentence defendant under that provision. During the sentencing hearing, the court did not state which subdivision it was sentencing defendant to full, consecutive terms on counts 1 and

6

5. The prosecutor merely stated she thought the correct subdivision was subdivision (e), which was incorrect.

Under the applicable version of section 667.6 in existence at the time of the crimes, the correct subdivision was subdivision (c). That provision provided the court with discretion to impose a full, consecutive term for violating section 288.5, which defendant was convicted of in count 1. With count 5 as the principal term, the court could impose the full term on count 5. The court also had the discretion to impose a separate full, consecutive term for count 1 under section 667.6, subdivision (c).

The version of section 667.7, subdivision (c) in effect during defendant's offenses states: "*In lieu of the term provided in [s]ection 1170.1, a full, separate, and consecutive term may be imposed for each violation of . . . [s]ection 288.5 . . . .* If the term is imposed consecutively pursuant to this subdivision, it shall be served consecutively to any other term of imprisonment, and shall commence from the time the person otherwise would have been released from imprisonment. *The term shall not be included in any determination pursuant to [s]ection 1170.1.* Any other term imposed subsequent to that term shall not be merged therein but shall commence at the time the person otherwise would have been released from prison." (Italics added.)

The record shows that the trial court intended to exercise its discretion by imposing the maximum sentence, including a full, consecutive term on count 5. The record suggests that the court may have incorrectly assumed section 667.6, subdivision

7

(e) applied, rather than the correct provision, subdivision (c), based on the prosecutor's statement that she thought subdivision (e) applied.

Because the court had the authority to impose full, consecutive sentences on counts 1 and 5, and clearly stated on the record its intent to do so and to impose the maximum sentence allowable, any error in the trial court relying on subdivision (e) of section 667.6, instead of subdivision (c), was harmless error. It is not reasonably probable that a more favorable sentence would have been imposed had the court realized the applicable subdivision of section 667.6, was subdivision (c), not subdivision (e). (*People v. Davis* (1995) 10 Cal.4th 463, 552; *People v. Watson* (1956) 46 Cal.2d 818, 836.) It is also not reasonably probable that on remand the court would impose a sentence more favorable to defendant than the existing 26-year sentence.

IV.

MINUTE ORDER AND ABSTRACT OF JUDGMENT ERRORS

Defendant notes the minute order and abstract of judgment incorrectly state the oral pronouncement of judgment. We agree. They incorrectly state that the court imposed an eight-year term on count 2 and an eight-month term on count 5. It should be the other way around, according to the oral transcript of the sentencing hearing. Defendant requests this court to order the trial court to amend the abstract of judgment and its sentencing minute order to reflect the trial court's oral pronouncement of judgment. We agree this should be done.

8

"If the minute order or abstract of judgment is different from the oral pronouncement of judgment, the oral pronouncement controls." (*People v. Mullins* (2018) 19 Cal.App.5th 594, 612.) Therefore, the minute order and abstract of judgment must be corrected to reflect the sentence actually imposed, as stated in the reporter's transcript of the sentencing hearing.

V.

RESENTENCING UNDER S.B. 567

Defendant contends his sentence imposed on November 3, 2020, must be vacated and the matter remanded for resentencing in accordance with S.B. 567. We agree.

On July 5, 2018, a jury found defendant guilty of five counts of committing various sexual offenses against a minor, Jane Doe. During sentencing on November 3, 2020, the trial court imposed a maximum sentence of 16 years on count 1 and a consecutive maximum sentence of eight years on count 5. The court imposed consecutive eight-month sentences on counts 2, 3, and 4 (one-third the middle term).

When imposing maximum sentences on counts 1 and 5, the court listed the following aggravating factors: (1) The victim was young when the sexual abuse commenced; (2) the conduct was serious and frequent; (3) the victim was terrified and suffered lasting trauma; (4) defendant told the victim no one would believe her if she reported him; (5) defendant used intimidation and rewards; and (6) the sexual abuse occurred over a lengthy period of time. The court also noted the following mitigating factors: (1) Defendant had a static 99R evaluation score which indicated a low risk of

9

recidivism; (2) defendant did not have a prior record; and (3) defendant was almost 48 years old.  There was no separate jury trial or court trial on the aggravating factors, nor did defendant stipulate to them.

After the parties filed their appellate briefs in this appeal, on January 3, 2022 defendant requested leave to file supplemental briefing on resentencing based on S.B. 567.  We granted the request and the parties filed supplemental briefing on the issue.

Section 1170, as amended by S.B. 567, effective January 1, 2022, provides in subdivision (b)(2) that "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

Section 1170, subdivision (b)(2) thus made the middle term the presumptive term. A trial court may now only impose an upper term when circumstances in aggravation exist, and the facts underlying the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by the jury or the court acting as the factfinder.  (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.)  The trial judge may also rely on certified records of a defendant's prior convictions.  (§ 1170, subd. (b)(3).)

The parties agree S.B. 567 applies retroactively to this case because the judgment was not final as of January 1, 2022, when S.B. 567 took effect.  (See *In re Estrada* (1965)

10

63 Cal.2d 740, 746-748.) But the People argue that this court should not remand the case for resentencing because any sentencing error under S.B. 567 was harmless. (See *People v. Sandoval* (2007) 41 Cal.4th 825, 838-843.) The People assert there was undisputed evidence establishing each of the aggravating factors beyond a reasonable doubt. We disagree. Defendant presented a defense to the charges and, while some of the factors were undisputed, such as the victim's age and that the abuse occurred over a lengthy period of time, other factors were not. In addition, the trial court mentioned mitigating factors.

Under such circumstances, where there was no jury trial or court trial on the aggravating factors, we conclude imposing the maximum terms on counts 1 and 5, before enactment of S.B. 567, is not harmless error. Remand for resentencing in accordance with S.B. 567 therefore is required.

## VI.

## DISPOSITION

The sentence is ordered amended as follows: (1) the eight-year upper term imposed on count 5 is deemed the principal term; and (2) a full, separate, consecutive upper term of 16 years is imposed on count 1 under former section 667.6, subdivision (c) (not subdivision (e)), in effect at the time of the charged crimes.

The trial court is directed to (1) amend the November 3, 2020 sentencing minute order and the abstract of judgment to reflect that defendant was sentenced on count 2 to one-third of the middle term of two years (8 months); and (2) amend the sentencing

11

minute order and the abstract of judgment to reflect that defendant was sentenced on count 5 to a full upper term of 8 years.

In addition, defendant's sentence is vacated and this case is remanded for resentencing on counts 1 and 5, consistent with S.B. 567.  In all other respects, the judgment is affirmed.

The trial court is further directed to forward to the Department of Corrections and Rehabilitation an amended abstract of judgment, reflecting the above stated sentence corrections and amendments to defendant's November 3, 2020 sentencing minute order.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

SLOUGH
J.